UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS HILL, Individually and
On behalf of all others similarly situated,

                                                Case No:

    Plaintiff,

v.

FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, THOMAS HILL, individually and on behalf of all others similarly situated, brings this collective action for violations of the Fair Labor Standards Act ("FLSA") and states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. Section 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. Section 201, *et seq*.

2. Venue is proper in this District, pursuant to 28 U.S.C. Section 1391, because the Defendant resides in this District with principal offices located in this

district, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

3. Plaintiff, THOMAS HILL ("Plaintiff" or "Hill"), is a resident of the State of Georgia, resides in this District and is a current employee of Defendant.

4. Hill began his employment with Defendant in October 2014 and at all material times has worked for Defendant in its Norcross, Georgia Office as an inside sales representative selling fuel cards. Plaintiff is a current employee as of the filing of this Complaint.

5. Defendant is a publicly traded foreign corporation with its principal place of business located at 5445 Triangle Parkway, Suite 400, Norcross, Georgia, 30092.

6. Defendant is subject to the jurisdiction of the FLSA, engaged in interstate commerce and earnings exceeding $500,000 in the prior three (3) years.

7. Plaintiff, and those similarly situated, are current and former employees of Defendant within the meaning of the FLSA, and Defendant employed them within three (3) years of the date this Complaint was filed.

8. Plaintiff did not previously opted into the prior collective actions against the Defendant nor has he been paid for all the overtime hours he worked.

9. The Plaintiff has incurred unpaid overtime hours throughout his time

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

of employment with the Defendant.

10. The Plaintiff's claims are similar to those Plaintiffs in the pending and related case of *Jones and Bridgeforth v. Fleetcor*, Case No.: 1:16-cv-01092-TCB, as to which Plaintiff did not file his consent or participate in.

## FACTUAL ALLEGATIONS

11. Defendant is a wholly owned subsidiary of a publicly traded company, Fleetcor Technologies Inc. (symbol FLT) that has annual revenues that exceed $500,000.00 per annum.

12. Defendant employs inside sales representatives, upwards of 350 or more, working in multiple offices in Georgia selling gas or fuel cards to businesses.

13. Defendant provides fuel cards and workforce payment products to businesses, commercial fleets, oil companies, petroleum marketers and government entities throughout the United States.

14. At all times relevant to this Complaint, Plaintiff, and those similarly situated, worked for Defendant as inside sales representatives from within Defendant's office in Norcross Georgia, and/or the Defendant's Atlanta office.

15. Plaintiff, and those similarly situated worked as hourly, non-exempt employees who also earned and were paid weekly commissions based upon gallons charged to fuel cards.

16. Plaintiff's commissions, and the same for all other inside sales

representatives, were a substantial component of the overall compensation each earned.

17. Plaintiffs and those similarly situated worked over forty (40) hours routinely and with Defendant's knowledge and behest throughout their employment with Defendant.

18. During the hiring process, Defendant, through its managers, represented to Plaintiff and those similarly situated, that the job was a "forty (40) hour per week position".

19. Plaintiff, when hired, was lead to believe he was being paid as salaried employee or otherwise was not entitled to overtime wages. Additionally, Plaintiff was not clearly explained that in order to service his customers and reach the quotas that he would routinely have to work over 40 hours in each work week.

20. In 2014, Keith Miller, another inside sales representative filed a collective action making the same allegations here as Plaintiff: of working overtime without compensation, and with the Defendant's behest, knowledge and encouragement. Eventually, on some date uncertain, as to which Defendant contends began in late 2015, Defendant for the first time instituted a time an actual tracking system called "Dayforce" in half-hearted effort to comply with the FLSA.

21. In the beginning of Plaintiff's employment, Defendant simply did not have any formalized, structured or required system or procedure to track and record

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 |
P: (813) 639-9366 | F: (813) 639-9376

the work hours of inside sales representatives, and, regardless, simply did not pay overtime compensation to inside sales representatives in a common, unlawful pay practice.

22. At some times Defendant feebly and without regard to the FLSA's mandatory time tracking requirements for hourly, Non-exempt employees, Defendant used a paper, non-contemporaneous time sheet system of allegedly documenting work hours of inside sales representatives. However, this procedure and process was absolutely without accuracy, did not actually track or record the work hours and minutes of the employees, and was at times filled out either one time every week or every two weeks, and even filled in by managers.

23. Further, the time sheet system or process following with strict instructions from management not to put down more than eight hours of work per day, with an automatic one hour deduction for lunch whether taken or not, and no more than forty (40) hours in a week.

24. Regardless of the process, procedure, system, prior to instituting the Dayforce system, Defendant willfully violated the FLSA by not tracking and recording the actual times Plaintiff and all the non-exempt inside sales representatives commenced work, took breaks or left for the day.

25. Thus, Plaintiff, and all other inside sales representatives, routinely worked over forty (40) hours without any pay or compensation, or any record of

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

their actual times, and the Defendant maintained a common unlawful pay practice and policy of simply not paying overtime wages even when it absolutely knew the inside sales representatives were routinely working over forty (40) hours in work weeks.

26. Plaintiff, and the class of similarly situated employees, regularly and routinely worked over forty (40) hours with Defendant's knowledge and behest throughout their employment with Defendant.

27. Defendant's managers made statements such as "this is not an 8 to 5 job", and "you need to do whatever it takes to meet your quotas".

28. Shortly after his employment began, Plaintiff's superiors began to pressure, urge and encourage him and all other inside sales representatives to work beyond the scheduled forty (40) hours, including coming in early, staying late and working through lunches in order to meet goals and quotas and maximize sales.

29. More work hours, meant more opportunity to make sales and provide customer service. Moreover and more importantly to Defendant, they could push employees to work fifty (50) to even many more hours per week without paying overtime wages.

30. Defendant, through its managers, encouraged and pressured Plaintiff and those similarly situated to work as many hours as necessary to meet sales production numbers and any employees.

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

31. Managers also applied pressure to push Plaintiff and the sales representatives to work extra hours because their bonuses/commissions also depended upon the sales representatives' sales and gallons used.

32. Upon information and belief, Managers edited off overtime hours even if sales representatives tracked the time in Dayforce.

33. The Dayforce system was rampant with problems and issues, and sales representatives complained that time was missing or lost, or not properly recorded.

34. Defendant at one time also attempted to use some electronic system for recording hours, but that system failed.

35. During one short period of time, Defendant did instruct employees against working overtime and even represented that they would pay overtime wages, but very quickly it was "business as usual", and Plaintiff and many other sales reps continued working overtime hours without being paid, while they were simultaneously and continually warned about not hitting numbers and quotas no matter how many hours it took.

36. Plaintiff Hill at one time reported the overtime hours on time sheets, but was instructed that this was not permissible, and told there was "no overtime hours" permitted.

37. However, Defendant was all too pleased to have Plaintiff and all other sales representatives work as many hours as they can, essentially "off the clock",

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

or as it was prior to Dayforce, off the time sheets.

38. Plaintiff was advised by management that the company does not pay overtime hours, and any extra time is on them or "off the clock". Thus, Plaintiff, and all other sales reps, found no reason to even attempt to record the overtime hours, as it was made absolutely clear to them, overtime hours would not be paid, and attempting to input or put down overtime hours was against policy. Time sheets simply stated: 8:00 a.m. to 5:00 p.m., with one (1) hour for lunch, but no actual times arriving, breaking or leaving for the day.

39. Eventually Plaintiff, as well as others, simply were discouraged against making any complaints of not being paid overtime wages in order to keep their jobs, as it was made clear to them by management that the company policy was that it did not pay overtime hours, and Plaintiff and other sales representatives were more concerned with keeping their jobs and making their commissions than in making waves and complaints about overtime hours, which they saw as futile.

40. After the *Miller v. Fleetcor* case was filed in 2014, Defendant still did not immediately institute any actual time tracking system, commence with paying overtime wages and continued with its de facto policy of people working off the clock or off the time sheets without pay.

41. Defendants made it clear to Plaintiff and all other sales representatives that production, sales and hitting matrix goals of phone calls were the prime

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

objective and that they were to work as many hours as necessary to meet these goals and numbers or they would be terminated as employees.

42. This also became a second, serious problem of unpaid overtime hours, as Plaintiff all found it necessary in order to service their customers, to respond to telephone calls and emails, after business hours, in the evenings, and on weekends.

43. Plaintiff's managers knew that a great many of the inside sales representatives were all working "on call", by taking phone calls on their cell phones after 5:00 p.m., outside of the office on nights and on weekends.

44. The Company never addressed the on call times.

45. Even after the Complaint and Collective Action of *Miller v. Fleetcor* was made well known to the Defendant and numerous employees, Defendant continued up to the present to permit, encourage and pressure inside sales representatives to work over forty (40) hours without any premium paid for the wages.

46. During the entire time Plaintiff and those similarly situated worked for Defendant, Defendant knew that the inside sales representatives were working overtime and also working off the clock, and that many as well were taking phone calls from customers, and answering emails after 5:00 p.m. and on weekends in order to service the customers.

47. Defendant's managers readily observed Plaintiff and those similarly

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

situated working overtime within the offices of Defendant, and were aware of customers calling sales reps and sales reps calling customers after 5:00 p.m. or on weekends.

48. Plaintiff and all similarly situated inside sales representatives, accessed electronic and computer systems, telephone, and e-mails, which would, if produced, help reflect the true hours that they worked.

49. However, Defendant did not accurately record the hours of these non-exempt employees.

50. At all times material to this Complaint, Defendant willfully failed to compensate Plaintiff and all similarly situated inside sales representatives for all overtime hours worked.

51. Even when Defendant knew that it was violating the FLSA and not tracking the work hours, and that sales reps had and continued to work overtime without being paid, and despite the filing of *Miller v. Fleetcor*, Defendant not only did not pay overtime wages when owed, but never took any affirmative action to pay Plaintiff or others who did not participate in the lawsuit their overtime hours.

52. Defendant also faced three prior collective actions with substantially similar claims in the United States District Court for the Northern District of Georgia: *Miller v. FleetCor Technologies Operating Company*, Case No.: 1:13-CV-2403 (settled); *Mintchev et al v. Fleetcor Technologies Operating Company*,

Page **10** of **19**

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

Case No.: 1:15-cv-03586, and the current case of *Jones and Bridgeforth v. Fleetcor, Case No.: 1:16-cv-01092-TCB*.

53. Defendant well understand that the inside sales representatives they employ do not meet or satisfy any exemption under the FLSA.

54. The *Miller* Court has already heard and denied Defendant's motion for decertification.

55. Plaintiff is not part of the collective action cases herein referenced.

56. Defendant has never changed its pay practices to bring it within compliance of the FLSA, and continued to turn blind eye and intentional indifference to employees working off the clock, permit their hours to be shaved or edited, and never took affirmative action discipline employees who worked through lunches, or after 5:00 p.m.

57. Further, Defendant has maintained the policy for years that it simply refuses to pay for the phone calls, on call time and work performed by sales representatives including Plaintiff, despite a necessity to service the customers.

## **COLLECTIVE ACTION ALLEGATIONS**

58. Plaintiff is aware that there are others, similarly situated to him, who were denied overtime wages and who were compensated fully as part of any prior filed collective action case, and who seek to join this action.

59. Upon information and belief, the class size during the relevant class

period is upwards of 900 employees, just in the Georgia offices, counting turnover during the past three (3) years.

60. Defendant housed fuel card inside sales representatives during some time in the past three years at both the Atlanta and Norcross office.

61. Upon information and belief, a significant percentage of present and former inside sales representatives opted in and claimed their wages in the *Miller v. Fleetcor* case, which was ultimately settled by Defendant on or about April 2016. Thus Defendant is well aware of similar claims by a great percentage of all employees who have worked from 2011 to the present, and has only sought to pay those who participate in the lawsuits.

62. Other present and former inside sales representatives likewise made similar claims against Defendant in the case of *Mintchev and Sellers v. Fleetcor,* Case No.: *1:15-CV-03586-LMM* which was also settled in 2016.

63. Despite Fleetcor being alerted of the FLSA claims of Keith Miller, and all the Opt-In Plaintiffs in that case back in 2014, and then the claims of Mintchev and Sellers and many other, Defendant continued to engage in willful violations of the FLSA and common unlawful pay practices, particularly, not compensating inside sales representatives for all overtime hours worked.

64. Plaintiffs, and all other similarly situated inside sales representatives handle either inbound or outbound calls to sell gas or fuel cards to businesses.

Page **12** of **19**

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 |
P: (813) 639-9366 | F: (813) 639-9376

65. Inside sales representatives do not supervise two or more full time employees and thus cannot meet the Executive Exemption.

66. Inside sales representatives' primary job duties do not involve the exercise of independent discretion and judgment in matters of significance, they are in the production aspect of Defendant's' business, selling its products and following scripts. Thus, they cannot meet the Administrative Exemption.

67. Defendant know now, and have known for the past three (3) years that inside sales representatives do not meet or satisfy any exemption under the FLSA and are entitled to overtime wages or a premium for all hours worked.

68. Plaintiffs are micro managed and highly scrutinized on a daily and weekly basis with very little room if at all in deviating from strict regulated manners in which to perform their job duties and responsibilities.

69. Inside sales representatives do not have decision making authority.

70. Plaintiff and all inside sales representatives work in a very high pressured, boiler room type environment.

71. Defendant was made aware by Plaintiff and other inside sales representatives of glitches and problems with the Dayforce time system, which has continued from the commencement by Fleetcor through the present, leading to underpayment of wages.

72. Upon information and belief, Defendant also edited and shaved time

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

from the inside sales reps hours even if overtime hours were logged into Dayforce.

73. Regardless, many sales reps were forced to simply log off at 5:00 p.m., and continue to work off the clock under its De Facto Policy.

74. Inside sales representatives have had instances in which they could not log in when they started work, and had to wait for someone to figure out the problem, and on some occasions, inside sales representatives have reported that on one or more days, their login and logout times were missing from Dayforce despite the employees working on those days.

75. As a result of these pervasive and routine errors, Plaintiff and all others similarly situated were not paid for all hours worked on some occasions.

76. Upon information and belief, even after Dayforce was commenced by Fleetcor as a time tracking system, the date of which is uncertain, it was not uniformly required and monitored or enforced until 2017.

77. Moreover, even after Dayforce was instituted as a system to track and record work times of inside sales representatives, inside sales representatives were still permitted, allowed and even encouraged to continue to work overtime as long as they were logged off.

78. Throughout most if not all of the time Fleetcor commenced with Dayforce, at no time did Defendant require inside sales representatives, including Plaintiff to go home or leave their jobs and desks at 5:00 p.m.

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

79. Managers would leave and even tell inside sales representative only to log off at 5:00 p.m., but never instruct inside sales representatives to cease working at 5:00 p.m.

80. Upon information and belief, inside sales representatives, were still permitted to and did log off Dayforce and continue to work "off the clock" at their desks past 5:00 p.m. with the knowledge of Defendant, and without be subjected to disciplinary action.

81. Similarly, Defendant has continued to permit, allow and acquiesce throughout the relevant time period, inside sales representatives to work during some of their lunch periods without being paid for all the time.

82. Upon information and belief, inside sales representatives would be encouraged to work through some of the standard one hour lunch break by managers, and after they logged back into Dayforce, Defendant then would edit the time to reflect a one hour break.

83. Prior to Dayforce, Defendant willfully failed and refused to institute systems, procedures and mechanisms to accurately and actually track and record the work hours.

84. Plaintiff bring this suit on behalf of themselves and all others similarly situated and propose the following collective description:

> All persons who perform(ed) work for Defendant as an

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

inside sales representatives handling outbound or inbound calls at any of its Georgia offices in the United States, including Atlanta, and Norcross under any title, such as Account Manager, Territory Manager, Account Executive, Consultant, sales representative at an time within the period of (3) years prior to the filing of this Complaint or who are currently employed by Defendant.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

85. Plaintiff re-alleges and incorporates by reference all above paragraphs as if fully set forth herein.

86. The FLSA requires employers to pay employees wages at a rate no less than one-and-a-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in individual work weeks. 19 U.S.C. § 207.

87. Defendant is an "employer" of Plaintiff and those similarly situated within the meaning of the FLSA.

88. Defendant is an "enterprise" as defined by the FLSA and engaged in interstate commerce.

89. Plaintiff and those similarly situated worked more than forty (40) hours in the workweeks going back three (3) years from the filing of this Complaint and did not receive overtime compensation for all of the overtime hours worked.

90. Plaintiff and those similarly situated are not exempt employees under the FLSA or other Federal rules and regulations.

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

91. Defendant has willfully violated the FLSA and is liable for wages for a three (3) year period of time preceding the filing of this complaint. Defendant has known for the past three (3) years that the inside sales representatives were non-exempt employees, and continued refuse to compensate Plaintiff and the class of similarly situated for overtime hours worked.

92. Defendant did not make a good faith effort to comply with the FLSA and owes Plaintiff and those similarly situated liquidated damages and an equal sum of all wages owed.

93. Defendant knew that Plaintiff and those similarly situated were working overtime hours and willfully refused to pay Plaintiff and all similarly situated inside sales representatives, overtime pay at one and a half time their regular rate of pay for all overtime hours worked.

94. Defendant also has failed to pay overtime at the proper rate of one and one half time the employees' regular rate of pay including the value of all commissions and bonuses earned.

95. Defendant has willfully violated the record keeping provision of the FLSA, 29 CFR 516.2, which mandates that an Employer record and track the hours of non-exempt employees.

96. Because of these unlawful pay practices, which have continued in the past three years up through the present, Plaintiff and those similarly situated have

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

suffered lost wages and damages.

WHEREFORE, Plaintiff and those similarly situated request from this Court:

a. Enter an Order certifying this as a collective action;

b. Appoint the Plaintiff as class representative;

c. Appoint the undersigned as attorney of record for the collective class;

d. Authorize the issuance of a notice to all similarly situated former and current inside sales representatives of Defendant that apprise the putative class and notify them of the pendency of this action and provides them with the opportunity to assert timely FLSA claims by the filing of individual consent to join forms;

e. Enter Judgment finding that Plaintiff and those similarly situated are entitled to overtime pay at one and a half times their regular rate;

f. Enter Judgement against the Defendant finding they violated the FLSA;

g. Enter Judgement against the Defendant finding they acted willfully and in bad faith and declare the three years statute of limitations applicable;

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376

h. Award monetary damages for unpaid wages;

i. Award monetary damages for liquidated damages under the FLSA;

j. Award Plaintiff a service award fee;

k. Award reasonable attorneys' fees, costs, and expenses; and

l. Award such other equitable or legal relief the Court should deem necessary and just including the entry of an Injunction barring the Defendant from continuing to violate the FLSA by failing to pay overtime wages to inside sales representatives.

Respectfully submitted,

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Georgia Bar No.: 257791
mlf@feldmanlegal.us
1201 Peachtree Street
Colony Square, Suite 200,
Atlanta, GA 30361
Telephone: (813) 639-9366
Fax (813) 639-9376
*Attorney for Plaintiff*

Page **19** of **19**

Mitchell L. Feldman, Esq., P.A. | 1201 Peachtree Street | Colony Square | Suite 200 | Atlanta | GA | 30361 | P: (813) 639-9366 | F: (813) 639-9376