## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This is a CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") entered into by and between Plaintiff Thomas Hill ("Hill") and Defendant FleetCor Technologies Operating Company, LLC ("FleetCor").

## BACKGROUND

On April 13, 2017, Hill filed an action against FleetCor under Section 16(b) of the Fair Labor Standards Act ("FLSA"), styled as *Thomas Hill, individually and on behalf of all others similarly situated v. FleetCor Technologies Operating Company, LLC,* Case No. 1:17-cv-01324-WSD (N.D. Ga.) (the "Hill Litigation"). Hill contends that FleetCor violated the FLSA by failing to pay him and others similarly situated premium overtime compensation for hours he worked over 40 in a workweek during his employment with FleetCor. After the filing of the Hill Litigation, two former FleetCor employees filed consents to join the action as opt-in plaintiffs, Shanteena Turner ("Turner") and Rodney Hooks ("Hooks"). FleetCor denies any and all liability to Hill, Turner, and Hooks.

The parties desire to enter into this Agreement to provide, among other things, for a reasonable settlement and full discharge of any and all claims for unpaid wages that were, or could have been, brought by Hill, Turner, and Hooks, in the Hill Litigation.

## SPECIFIC PROVISIONS

In exchange for the mutual promises contained herein, the receipt of which is expressly acknowledged, the parties agree as follows:

1. **FleetCor's Payment to Hill.**

    A. ***Settlement Sum.*** FleetCor agrees to pay Hill the total gross sum of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (the "Settlement Sum") in full compromise and settlement of any and all unpaid wage claims Hill had, has, or may have against any of FleetCor arising out of Hill's employment with FleetCor. FleetCor agrees to provide the Settlement Sum to Hill's attorney, Mitchell L. Feldman, Esq., P.A., within ten (10) days after the Agreement is approved by the Court. The parties agree that the Settlement Sum shall be paid as follows:

    (i) ***Unpaid Wages.*** FleetCor shall pay to Hill a gross sum of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in full settlement of any claims Hill had, has, or may have against FleetCor for unpaid wages according to the terms and conditions set forth in this Agreement. This sum will be paid by a check made payable to "Thomas Hill." The parties acknowledge and agree that this portion of the Settlement Sum is paid as a result of a disputed claim for unpaid wages and, therefore, FleetCor will issue a Form W-2 to Hill in connection with the payment of this portion of the Settlement Sum. Further, FleetCor will withhold from this portion of the Settlement Sum all federal, state, and local taxes or other standard withholdings.

(ii)     ***Liquidated Damages***.  FleetCor shall pay to Hill a gross sum of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in full settlement of any claims Hill has, had, or may have for liquidated damages in the Hill Litigation.  This sum will be paid by a check made payable to "Thomas Hill."  The parties acknowledge and agree that this portion of the Settlement Sum represents compensation for disputed claims for liquidated damages and, therefore, as to this portion of the Settlement Sum, FleetCor will issue a Form 1099 to Hill, and will not make any deductions or withholdings.  Hill otherwise shall be responsible for his own tax obligations with respect to this amount.

(iii)     ***Attorneys' Fees and Costs.***  Within ten (10) business days after the Agreement is effective (*i.e.,* approved by the Court), FleetCor will pay Plaintiffs' counsel a gross sum total of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in costs/expenses – in full settlement of any claims Hill has, had, or may have as to the recovery of attorneys' fees and costs incurred in the Hill Litigation.  This sum will be paid with checks made payable to "Mitchell L. Feldman, Esq., P.A." in the amounts set forth above.  The parties acknowledge and agree that this portion of the settlement represents compensation for disputed claims for attorneys' fees and costs incurred by Hill and, therefore, as to this portion of the settlement payment, FleetCor will issue a Form 1099 to Mitchell L. Feldman, Esq., P.A., and will not make any deductions or withholdings.  Hill and his counsel otherwise shall be responsible for their own tax obligations with respect to the attorneys' fees and costs payments.  The parties represent that the amount of wages to be paid to Hill was separately negotiated from the amount of attorneys' fees to be paid to Hill's counsel, such that the amount of attorneys' fees and costs being paid by FleetCor did not have any influence on the amount of the wages and liquidated damages being paid to Hill.  The parties further represent that they negotiated a compromise in the amount of attorneys' fees incurred by Hill, and that this compromise represents a fair and reasonable resolution of the amount of attorneys' fees and costs and expenses to be paid by FleetCor.

**B.**     ***Sole Financial Obligation.***  Hill understands that the Settlement Sum shall constitute the sole financial obligation of FleetCor to Hill, Turner, or Hooks under the terms of this Agreement.

**2.**     **Hill's Obligations to FleetCor.**

**A.**     ***Dismissal of Turner and Hooks Claims.***  To the extent they have not already done so, within ten (10) days of the date this Agreement becomes fully executed by the parties, Hill will dismiss the claims of opt-in plaintiffs Shaneeka Turner and Rodney Hooks or withdraw their opt-in consent forms.  Turner and Hooks shall take no money as part of this settlement.

**B.**     ***Joint Motion for Approval of Settlement and Dismissal of Hill Litigation with Prejudice.***  In further consideration of the benefits conferred to Hill under this Agreement and as described in Section 1 above, within ten (10) days of the date this Agreement becomes fully executed by the parties, Hill will jointly file with FleetCor a motion seeking approval of the settlement and dismissal of the Hill Litigation with prejudice.

**C.**     ***Representations.***  Hill represents and warrants to FleetCor that, other than the claim in the Hill Litigation, he has no pending charges, complaints, claims, or actions against any

of FleetCor arising out of Hill's employment with FleetCor, or any existing or former owner, employee, agent, or representative of FleetCor, in which he asserts a claim for unpaid wages.

      **D.**    *Other Provisions*.  Hill agrees to be bound by the release, non-admission, and confidentiality/joint filing provisions contained in Sections 3, 4, and 5, below.

      **3.**    **Release of Claims for Unpaid Wages**.  Hill hereby releases and forever discharges FleetCor (including its predecessors, parents, subsidiaries, affiliated organizations, benefit plans, benefit plan administrators, benefit plan fiduciaries, and their respective successors and assigns together with their respective owners, directors, officers, employees, agents, attorneys, representatives, shareholders, and their respective heirs and personal representatives) from any and all claims for unpaid wages he has, had, or hereafter may have against any of the Defendants based upon Hill's employment with FleetCor (including, without limitation, any and all unpaid wages claims under the FLSA or under any other statutory, contract, or common law).

      **4.**    **Non-admission of Liability**.  The parties acknowledge and agree that the settlement of Hill's claims (i) does not constitute any admission of liability by FleetCor; (ii) does not constitute an admission by FleetCor of the validity of any of Hill's legal or factual contentions; and (iii) is solely for the purpose of avoiding the expense and inconvenience of further proceedings between the parties.

      **5.**    **Confidentiality; No Media Statements; Joint Motion for Confidential Review**.

      **A.**    *Confidentiality; No Media Statements*.  Hill agrees that he and his counsel shall not divulge, communicate, or otherwise disclose, directly or indirectly, to any person or entity, the terms of this Agreement, or the Agreement's negotiation, execution, or implementation.  Hill and his counsel further agree that they shall not initiate or cause the initiation of any communications concerning the settlement with any media organization and/or respond to or cause a response to be made as to any communications concerning the settlement with any media organization.  If Hill or his counsel is contacted by a media organization regarding this settlement, they will only state that this matter has settled.

      **B.**    *Joint Motion for Confidential Review of Settlement*.  Hill agrees to jointly file with FleetCor a motion requesting that the court review the terms of this Agreement in camera.[1]

      **6.**    **Entire Agreement**.  This Agreement represents the sole and entire agreement between the parties and supersedes any and all prior agreements, negotiations, or discussions between the parties and/or their respective counsel with respect to the subject matter covered in this Agreement.  The parties further agree that this Agreement may not be modified orally and that any modification of this Agreement must be in writing and signed by all parties.

---

[1] Confidentiality is a material term of this Agreement and was an express condition upon which settlement was reached.  If the Court denies the parties' motion for *in camera* review of the Agreement and requires the parties to file the Agreement, at that point the parties agree to the filing of the Agreement with the court.

**7.     Informed, Voluntary Signature.**  In entering into this Agreement, Hill represents that, before executing this Agreement, he has completely read all the terms herein and that he fully understands and voluntarily accepts the terms after having the opportunity to consult adequate legal counsel of his choice.  Hill further acknowledges and agrees that he has received a reasonable period of time to consider this Agreement and that the subsequent discovery of any facts by Hill, whether or not existing on the date of this Agreement and no matter how material, shall have no effect on the validity of the Agreement.

**8.     Attorneys' Fees and Costs.**  Except as provided for in Section 1.A.(iii) above, the parties agree to bear their own attorneys' fees and costs in connection with the Hill Litigation, and in the preparation and implementation of this Agreement.  However, in the event that either party institutes an action to enforce any provision contained in this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs from the other party, including any fees and costs on any appeal(s).

**9.     Miscellaneous.**

A.     The parties agree that this Agreement shall be interpreted and enforced in accordance with Georgia law (without reference to its choice of law provisions) and federal law applicable to FLSA actions.

B.     If one or more provision(s) in this Agreement are ruled invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of the Agreement, which shall remain in full force and effect.

C.     This settlement is contingent upon the Court's approval of this Agreement and the dismissal with prejudice of the Hill Litigation.  If, for whatever reason, the Court does not approve this Agreement, then all parties are discharged of any and all obligations they have under the terms of this Agreement.

D.     As used in this Agreement, the term "Hill" shall mean Thomas Hill, as well as his heirs, personal representatives, assigns, successors, agents, and attorneys.

E.     As used in this Agreement, the term "FleetCor" shall mean FleetCor Technologies Operating Company, LLC.

IN WITNESS WHEREOF, the parties hereto have executed this five-page Agreement as follows:

As to Thomas Hill, this _____ day of July, 2017.

_____          _____
Witness                                 THOMAS HILL

_____
Witness

As to FleetCor, this _____ day of July, 2017.

                                               FLEETCOR TECHNOLOGIES
                                               OPERATING COMPANY, LLC

_____          By:_____
Witness

_____          Its:_____
Witness

**Signature:** *thomas a hill*
thomas a hill (Aug 17, 2017)

**Email:** tomtomq7@yahoo.com

5